IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TREYLANE T. REYNOLDS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:07-CV-00513-O |
| | §      ECF |
| DALLAS COUNTY, | § |
| DALLAS COUNTY SHERIFF'S | § |
| DEPARTMENT, *a Department of* | § |
| *Dallas County Texas*, LUPE VALDEZ, | § |
| *in her official capacity as Sheriff of* | § |
| *Dallas County, Texas,* CITY OF IRVING, | § |
| IRVING POLICE DEPARTMENT | § |
| MUNICIPAL JAIL FACILITY, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant City of Irving's Motion to Dismiss and Brief in Support (Doc. # 19), filed April 28, 2008, and Plaintiff's Response thereto (Doc. # 25), filed June 9, 2008.

Having reviewed these filings and the applicable law, the Court finds as follows:

I.   Introduction

Plaintiff Treylane Reynolds ("Plaintiff") filed this suit on March 20, 2007, bringing claims against Dallas County, the Dallas County Sheriff's Department, Dallas County Sheriff Lupe Valdez, the City of Irving, and the Irving Police Department Municipal Jail Facility. Plaintiff alleges he was denied medical care while incarcerated at the Dallas County and Irving

1

Municipal jails.[1]  Doc. # 1 ("Compl."). Plaintiff states that he was arrested on March 19, 2005 and taken to the Dallas County jail. Plaintiff alleges that, while he was at the Dallas County jail facility, he informed the jail nurses that he thought he had a problem with his appendix and was given a gas pill.

Plaintiff alleges that on March 21, 2005 he was transferred to the City of Irving Municipal Jail Facility. Plaintiff claims his symptoms worsened, and that he was unable to keep food down, regularly threw up, and could not sleep because he was unable to lie down. Plaintiff contends that he repeatedly requested medical care, but that no nurse was on duty and that the doctor that was allegedly present chose not to see him.

Plaintiff alleges that he was released form the Irving Municipal Jail Facility on March 26, 2005 and immediately went to the emergency room. Plaintiff states that he had emergency surgery on a "gastrorrhaphy, suture of perforated duodenal or gastric ulcer, wound, or injury; drainage of peritoneal abscess or localized peritonitis, exclusive of appendiceal abscess." Plaintiff claims that he lost 25 pounds while at the jail, and that his condition was exacerbated because he did not receive medical attention when his condition first arose.

Plaintiff contends that Defendants have violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments, and brings claims pursuant to 42 U.S.C. § 1983, as well as pursuant to state law. Plaintiff claims that Defendants denied him medical care by adopting and utilizing improper, inadequate, and erroneous procedures that interfered with or prevented him from obtaining medical care, and also by failing to adopt or implement procedures necessary for

---

[1] The Irving Police Department Municipal Jail Facility has been dismissed from this action. *See* Doc. # 26.

proper medical care. Specifically, Plaintiff contends that Defendants violated Plaintiff's constitutional rights through policies including confiscation of necessary prescription medication without immediate and adequate arrangements for dispensing replacement medication; the failure to staff the jail facility with appropriate numbers of properly trained medical care professionals; and failure to provide follow-up medical care upon discharge. Plaintiff also alleges that Defendant failed to train their personnel adequately on the appropriate policies, practices, or procedures regarding the evaluation and treatment of medical needs.

On March 18, 2008, the Court entered an order requiring Plaintiff to serve his complaint upon Defendants, and to file proof of service with the Court. Doc. # 6. On April 14, 2008, Plaintiff filed proof of service indicated that Defendant City of Irving was served on April 8, 2008. Doc. # 14.

On April 28, 2008, the Defendant City of Irving ("Defendant") filed its Motion to Dismiss. Doc. # 19. Defendant argues that Plaintiff's claims should be dismissed for insufficiency of services of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, and also that dismissal is appropriate under Rule 12(b)(6). On July 9, 2008, Plaintiff responded, and contends that service was proper and that his complaint states a claim.

The issues have been briefed and Defendant's motion is ripe for determination.

II.     Legal Standards

A.      **Motion to Dismiss for Insufficiency of Service of Process**

Defendant has filed a motion to dismiss Plaintiff's claims against it for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Defendant contends that dismissal is proper because Plaintiff did not serve Defendant within 120 days of

filing his complaint.

Rule 4 sets out the time frame for service of the complaint upon a defendant. Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4(m). When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyn Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985). If plaintiff shows good cause for the failure to serve defendant, Rule 4 requires the court allow additional time for service. FED. R. CIV. P. 4(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "Good cause" normally requires some evidence of good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified. *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). Inadvertence, mistake of counsel, and ignorance of the rules usually do not suffice. *Id.* Where plaintiff has not demonstrated good cause, the court has the discretion to dismiss the case or to allow more time for service upon a showing that relief is justified. *Thompson*, 91 F.3d at 21.

However, where a statute of limitations would bar a Plaintiff from refiling, dismissal operates as a dismissal with prejudice. A court may dismiss claims with prejudice as a sanction for failure to serve process if it finds (1) there is a clear record of (a) delay or (b) contumacious conduct; and (2) the Court expressly determines that a lesser sanction would not serve the interests of justice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). Delay between filing and service which warrants dismissal with prejudice must be longer than just a few months; instead, delay must be characterized by significant periods of total inactivity. *Id.*

Generally, dismissal with prejudice is warranted where delay threatens the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny the plaintiff its benefits. *Id*. Contumacious conduct is not a party's negligence, regardless of how careless, inconsiderate, or understandably exasperating. Instead, contumacious conduct is considered stubborn resistance to authority which justifies a dismissal with prejudice. *Id.* Additionally, courts usually find at least one of three following aggravating factors where dismissing with prejudice as a sanction: (1) delay caused by plaintiff him- or herself, and not his or her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

**B.    Motion to Dismiss for failure to state a claim**

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief

5

survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

In ruling on a motion to dismiss under 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

III.     Analysis

The Court first addresses whether dismissal is appropriate pursuant to rule 12(b)(5) of the Federal Rules of Civil Procedure.

**A.     Service of Process**

The City of Irving argues that Plaintiff's complaint should be dismissed because service was not completed within one-hundred and twenty days after Plaintiff's complaint was filed. The City argues that Plaintiff was not diligent in pursuing service, failed to show good cause for this failure, and that statutes of limitations operate to bar Plaintiff's claims. Plaintiff responds that dismissal is not warranted because the statutes of limitations would operate to bar refiling of his complaint.

Neither party disputes that, if dismissed, statutes of limitations would bar refiling of Plaintiff's claims, and therefore dismissal of Plaintiff's complaint would be dismissal with prejudice. The Court may only dismiss with prejudice as a sanction for failure to serve process if

it finds (1) there is a clear record of (a) delay or (b) contumacious conduct; and (2) the Court expressly determines that a lesser sanction would not serve the interests of justice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir. 2008).

The Court does not find that dismissal of Plaintiff's complaint is warranted here. The record does not demonstrate any delay that threatens the integrity of the judicial process, nor a stubborn resistance to authority which justifies a dismissal with prejudice. *Id.* The Court notes that when ordered to serve the City, Plaintiff complied, and that the City has not alleged or shown any prejudice from the delay in service.

Accordingly, Defendant City of Irving's motion to dismiss for insufficiency of service of process is hereby **DENIED**.

**B.     Plaintiff's 1983 claims**

Municipalities cannot be held liable under 42 U.S.C. § 1983 on the basis of *respondeat superior*. *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 415-16 (1997). Instead, municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Hampton Co. National Surety, LLC v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008). A plaintiff may demonstrate municipal liability based on: (1) a formally adopted municipal policy; (2) an informal custom or practice; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final policymaking authority. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (establishing that § 1983 municipal liability may be based on an officially adopted and promulgated policy); *Johnson v. Moore, III*, 958 F.2d 92, 94 (5th Cir. 1992) (noting that

municipal liability may be founded on a persistent or widespread practice of which actual or constructive knowledge is attributable to the policymaking authority); *City of Canton v. Harris,* 489 U.S. 378, 385-87 (1989) (providing that inadequacy of training may serve as a basis for municipal liability where the failure to train amounts to deliberate indifference to the rights of persons); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (establishing that isolated actions or decisions by a municipal policymaker with "final policymaking authority" may create municipal liability).

The City of Irving argues that Plaintiff's section 1983 claims against it should be dismissed because the complaint fails to allege facts of any unconstitutional policy or custom.[2] The City contends that there are no factual allegations of any policy or custom of constitutionally inadequate training or supervision of City employees, and that there are no factual allegations that the deprivations of which Plaintiff complains were not merely isolated incidents.

As noted above, Plaintiff alleges that Defendant violated Plaintiff's constitutional rights through policies including confiscation of necessary prescription medication without immediate and adequate arrangements for dispensing replacement medication; the failure to staff the jail facility with appropriate numbers of properly trained medical care professionals; and failure to provide follow-up medical care upon discharge. Plaintiff also alleges that Defendant failed to train their personnel adequately on the appropriate policies, practices, or procedures regarding the evaluation and treatment of medical needs.

The Court finds that Plaintiff has alleged facts sufficient to state a claim of municipal

---

[2] The City does not argue that Plaintiff has failed to identify a policymaker, and also doesn't distinguish between Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments brought pursuant to 42 U.S.C. § 1983. Accordingly, the Court does not address these issues.

8

liability. Plaintiff has alleged that there was a policy of not staffing the appropriate numbers of trained personnel at the jail, and also stated that he did not see a nurse or a doctor during his incarceration in spite of repeated requests for medical attention. In addition, Plaintiff has alleged that he had a serious medical condition that required surgery, but that delay in receiving appropriate medical care exacerbated his medical condition. Accordingly, the Court finds that Plaintiff has pled enough facts to state a claim to relief that is plausible.[3] *See Twombly*, 550 U.S. at 570.

Accordingly, Defendant City of Irving's motion to dismiss Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 is hereby **DENIED**.

The Court now considers whether dismissal is warranted with respect to Plaintiff's state law claims.

**C.     State law claims**

The City of Irving also argues that dismissal of Plaintiff's state law claims is appropriate because the City is entitled to governmental immunity. The City contends that Plaintiff has failed to plead facts that invoke a clear and unambiguous waiver of immunity, and has also failed to provide adequate notice of his claim as required by section 101.101(b). In response, Plaintiff did not specifically address any of the City's arguments, and merely asserts that his complaint states a claim.

In Texas, sovereign or governmental immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless

---

[3] While the Court finds that Plaintiff has stated a claim of municipal liability under section 1983, Plaintiff has failed to alleged that any policy regarding confiscation of prescriptions or failure to provide post-incarceration care were the moving force behind the harm alleged.

the entity consents to suit. *Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). It is the plaintiff's burden to demonstrate the court's jurisdiction by alleging a valid waiver of immunity by the governmental entity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether a governmental unit waived sovereign immunity, the Court looks to the pleadings and may also consider evidence when necessary. *Tex. Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

Plaintiff does not allege in his complaint, or argue in his briefing, that the City of Irving has waived governmental immunity. Plaintiff alleges generally that he seeks to recover for the deprivation of his rights under color of law in violation of the law of the State of Texas, and it appears that Plaintiff is relying on the same facts asserted in support of his section 1983 claims in support of any state law claims he brings.[4]

The Texas legislature has waived governmental immunity under certain circumstances identified within the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001 *et. seq.* Under the TTCA, a governmental unit may be held liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *Id.* at § 101.021. The waiver of sovereign immunity does not apply to a claim arising out of battery, assault, false imprisonment, or any other intentional tort. *Id.* at 101.057. Sovereign immunity is preserved against claims concerning negligent formulation of policy. *Stephen F. Austin State Univ. v. Flynn*, No. 04-0515, 2007 WL 1861268 at *3 (Tex. June 29, 2007); *City of Brownsville*

---

[4] Plaintiff's complaint states that Plaintiff seeks damages pursuant to section 77.021 of the Texas Civil Practices and Remedies Code, but no such provision is in existence, and Chapter 77, regarding transplants and transfusions, does not appear applicable to this case.

*v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995); TEX. CIV. PRAC. & REM. CODE § 101.056.

Here, Plaintiff alleges that his harm was caused by the City of Irving's policy of not properly staffing the jail facility with appropriate numbers of properly trained medical care professionals. The Court finds that Plaintiff has failed to demonstrate that his claims fall within the limited waiver of immunity provided for by the TTCA. Plaintiff has failed to allege an actionable claim for an injury caused by the negligent use of tangible personal or real property, and the City is immune from actions based on negligent policy formulation.

In addition, dismissal of Plaintiff's state law claims is appropriate because Plaintiff has failed to allege or produce any argument or evidence demonstrating that Plaintiff complied with the notice provision of the TTCA. Section 101.101 of the TTCA provides that a governmental unit is entitled to receive adequate notice of a claim against it, including notice as is provided for in a city's charter and ordinance provisions requiring notice. TEX. CIV. PRAC. & REM. CODE § 101.101(b). The Charter of the City of Irving requires a claimant to provide the mayor and city council with written notice of a claim within six months of an alleged injury or damage, including the circumstances surrounding the occurrence. Proper notice assures prompt reporting of claims, allows governmental units to gather information, and enables settlement or preparation for trial. *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981). These notice provisions are akin to statutes of limitations, and lack of notice bars any action under the TTCA. *Smith v. City of Houston*, 960 S.W.2d 326, 328 (Tex.App.—Houston[14th Dist.] 1997, no pet.).

Here, Defendant contends that it did not receive notice as required by section 101.101(b) of the TTCA. Plaintiff does not dispute this contention, and service of the complaint in this action could not constitute adequate notice, as Plaintiff did not serve the City until 385 days after

filing this lawsuit. In addition, there is nothing suggesting that the City of Irving had actual notice of Plaintiff's claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.101 (stating that notice requirements do not apply if the governmental unit has actual notice that a claimant has received some injury). Accordingly, the Court finds that Plaintiff's state law claims against the City of Irving should be dismissed.[5]

IV.     Conclusions

For the foregoing reasons, the Court finds that the City of Irving's motion to dismiss should be and is hereby **GRANTED** in part, and **DENIED** in part.

The Court finds that dismissal is not warranted with respect to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, but that Plaintiff's state law claims against the City should be and are hereby **DISMISSED**.

Plaintiff has not ask for leave to amend his complaint should it be found deficient, and therefore the Court does not grant leave to amend at this time.

**SO ORDERED** on this **21st** day of **August, 2009**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[5] The City also argues that dismissal of state law claims is warranted because Plaintiff failed to diligently pursue service, and therefore under Texas law, statutes of limitations operated to bar these claims. Having already found that these claims should be dismissed, the Court does not reach this argument.